**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

COUNTRYWIDE HOME LOANS, INC.,

     Plaintiff,

        v.

BRUNILDA CESPEDES,

     Defendant.

CIVIL ACTION NO. 3:04-CV-1788

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiff Countrywide Home Loans, Inc.'s Motion For Summary Judgment.  (Doc. 6.)  The Court finds that there are no genuine issues of material fact with respect to Defendant Brunilda Cespedes failure to fulfill her contractual obligations to Plaintiff.  Accordingly, the Court will grant Plaintiff's motion.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts

to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Anderson*, 477 U.S. at 256-257.  Moreover, it is important to note that because Defendant is proceeding *pro se*, the Court must proceed with a analysis of the merits of Plaintiff's motion notwithstanding Defendant's failure to oppose said motion.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In a mortgage foreclosure action such as this, the plaintiff must demonstrate the existence of an obligation secured by a mortgage, and a default on that obligation by the defendant.  *Chem. Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995).  Plaintiff submitted evidence that on June 27, 2003, Defendant and Mr. Bryan McClure executed a mortgage to First NLC Financial Services, LLC (Doc. 6, Exs. A-A1), which was subsequently assigned to Plaintiff (Doc. 6, Ex. A2).  In return, Defendant and Mr. Bryan McClure received an $84,000.00 loan.  The parties do not dispute that Mr. McClure is now deceased.  Plaintiff submitted evidence that, in accordance with the mortgage agreement, payments in the amount of $524.06 were due on the first of each month beginning August 1, 2003.  (Doc. 6, Ex. A1.)  Plaintiff presented evidence that payments have not been received since March 1, 2004.  (Doc. 6, Ex. B.)  Defendant admits that she has not made payments since March 1, 2004.  (Doc. 5 ¶ 7.)  Consequently, the Court finds that Plaintiff has met its burden and is entitled to judgment as a matter of law.

In addition, Plaintiff submitted evidence that Plaintiff currently owes a sum of $89,993.52.  (Doc. 6, Ex. B.)  Plaintiff submitted evidence that this figure represents:  (1) the outstanding principal; (2) interest; (3) attorney's fees; (4) late charges; (5) title report

fees; (6) property inspections fees; (7) litigation costs; and (8) title search fees.  (*Id.*)

Plaintiff also submitted evidence that Defendant is under an obligation to pay the

aforementioned costs in accordance with the terms of the parties agreement.  (Doc. 6,

Exs. A-A2.)  Defendant has failed to rebut this evidence.  Moreover, the evidence

submitted by Plaintiff clearly indicates Defendant's obligation to cover such expenses.

Consequently, the Court finds that there is no genuine issue of material fact with respect

to the amount Plaintiff is entitled to recover.  Accordingly, the Court will grant Plaintiff's

motion.

An appropriate Order follows.


April 19, 2005                                              /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

COUNTRYWIDE HOME LOANS, INC.,

     Plaintiff,

          v.

BRUNILDA CESPEDES,

     Defendant.

CIVIL ACTION NO. 3:04-CV-1788

(JUDGE CAPUTO)

## ORDER

    **NOW**, this ___19th___ day of April, 2005, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion For Summary Judgment (Doc. 6) is **GRANTED**.

(2)    Judgment is hereby entered in favor of Plaintiff and against Defendant as follows:

    (a)    Judgment is entered for foreclosure of Defendant's mortgage.

    (b)    Judgment is entered in the sum of $89,003.52.

(3)    The Clerk of the Court shall mark this case **CLOSED**.


                       /s/ A. Richard Caputo
                       A. Richard Caputo
                       United States District Judge